UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No. 05-22039-CIV-MARTINEZ/GOODMAN

KELVIN D. HARRIS,

    Plaintiff,
v.

MARIO P. GODERICK, et al.,

    Defendants.
_____/

## ORDER TO SHOW CAUSE WHY REQUEST FOR INJUNCTIVE RELIEF SHOULD NOT BE DENIED AS MOOT

THIS MATTER is before the Court regarding Plaintiff's request for judicial assistance. (DE# 118; DE# 119.) As per Court order (DE# 120), the Attorney General's Office responded to Plaintiff's request on April 26, 2011, and Plaintiff later filed multiple replies. (DE# 121; DE# 122; DE# 123; DE# 126.)

Since filing his original letters, however, Plaintiff apparently has transferred two separate times to two different prisons. His request letters indicate that Plaintiff was incarcerated at the Santa Rosa Correctional Institution in Milton, Florida. But on June 6, 2011, Plaintiff filed a "Change of Address Inquiry Notice," in which he indicated he "no longer resides at Santa Rosa Correctional Institution" and that he now resides at the Cross City Correctional Institution in Cross City, Florida. (DE# 124.) Then, on August 2, 2011, Plaintiff filed a letter with the Court containing a return address at the Apalachee Correctional Institution in Sneeds, Florida. (DE# 126.)

The general rule in our circuit is that "a transfer or a release of a prisoner from prison will moot that prisoner's claims for injunctive and declaratory relief." *Smith v. Allen*, 502 F.3d 1255, 1267 (11th Cir. 2007) (citing *McKinnon v. Talladega Cnty., Ala.*, 745 F.2d 1360, 1363 (11th Cir. 1984); *Zatler v. Wainwright*, 802 F.2d 397, 399 (11th Cir. 1986) (*per curiam*)).

Consequently, **Plaintiff shall file a response to this order within 21 days, indicating why he believes his request for injunctive relief is still viable and, if so, provide specific recent details to support his request**. If Plaintiff's position is that his request is still viable because he believes he has not received an identifiable piece of mail since his transfers, then Plaintiff shall explain why, for instance, this is not simply related to the fact he transferred twice and the mail may have been sent to the wrong prison.

In addition, the Prison Litigation Reform Act (PLRA) requires that an inmate exhaust his available administrative remedies before filing an action under 42 U.S.C. § 1983 relating to his conditions of confinement. 42 U.S.C. 1997e(a). *Accord Porter v. Nussle*, 534 U.S. 516, 524 (2002). The PLRA requires proper exhaustion, meaning that an inmate must strictly follow the prison's administrative grievance procedures. *Woodford v. Ngo*, 548 U.S. 81, 94 (2006).

The Attorney General's Office indicates that officials at the Santa Rosa Correctional Institution informed Plaintiff that his conspiracy-related grievances lacked sufficient detail to allow officials to investigate the claims further. Moreover, the Attorney General's Office states that prison officials requested that

Case No. 05-22039-CIV-MARTINEZ/GOODMAN

Plaintiff provide them with the necessary details, but that Plaintiff did not comply. In support of these contentions, the Attorney General's Office attached copies of grievances and the prison's responses.

To clarify the exhaustion issue, **Plaintiff shall also include in his response to this order an explanation of whether he is still in the process of seeking an administrative remedy to his conspiracy complaints. If not, Plaintiff must provide a detailed description of the steps he took that he believes constitute a proper exhaustion of his administrative remedies**, **along any documentation in his possession that supports a claim of exhaustion of administrative remedies.**

Should it believe it is necessary, the Attorney General's Office may, but is not required, to file a reply within 7 days after Plaintiff's response is docketed with this Court.

**DONE** and **ORDERED**, in Chambers, in Miami, Florida, this 18th day of August, 2011.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
**The Honorable Jose M. Martinez**

**Kelvin D. Harris,** *pro se*
DC #091609
Apalachee Correctional Institution
35 Apalachea Dive
Sneeds, FL 32400

**All counsel of record**

3